IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | | |
|---|---|---|
| MICHAEL H. HOLLAND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 2:17-cv-02091 (TJT) |
| | ) | |
| CONSOL ENERGY INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 56 of the Federal Rules of Civil Procedure, Plaintiffs Trustees of the United Mine Workers of America ("UMWA") 1992 Benefit Plan ("1992 Plan" or "1992 UMWA Benefit Plan"), hereby file this motion for summary judgment seeking appropriate injunctive relief and damages for Defendant Consol Energy, Inc.'s violation of Section 9711 of the Coal Industry Retiree Health Benefit Act ("Coal Act"), 26 U.S.C. §§ 9701 *et seq.*

As demonstrated by the attached supporting exhibits and declarations and Plaintiffs' Memorandum in Support of its Motion, Defendant Consol Energy, Inc. and its related person subsidiaries (hereinafter "Consol" or "Defendant Consol") have failed and refused to comply with their specific statutory obligations under Section 9711 of the Coal Act, requiring them to establish an individual employer plan to provide health benefits at specified benefit levels for certain covered UMWA retirees and their dependents. Consol is obligated to provide benefits that are "substantially the same" as those mandated by the statute.

In October 2016, Consol provided notice to the 1992 Plan and its beneficiaries that it was unilaterally implementing certain changes to its individual employer plan, including significant

reductions in benefits in the form of increases in out-of-pocket expense to beneficiaries, decreased access to physician and pharmacy provider networks, and new restrictions on eligibility as compared to those benefits required by the statute. The changes made by Consol are undisputed and Consol's actions in implementing these changes are a clear violation of Section 9711. Accordingly, there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law. Plaintiffs respectfully request summary judgment be granted in their favor and that this Court:

1. Declare that Defendant has violated and continued to be in violation of Section 9711 of the Coal Act, 26 U.S.C. § 9711;

2. Issue appropriate injunctive relief prohibiting Defendant from failing to provide the required level of health care benefits to their eligible beneficiaries; and

3. Adjudge Defendant liable to make whole any beneficiaries who incurred additional costs by reason of Defendant's violation of Section 9711 and to award the 1992 Plan all reasonable attorneys' fees and costs.

Respectfully submitted,

_/s/ Gary A. Collias_____
GARY A. COLLIAS, ATTORNEY AT LAW
WV Bar No. 784
P.O. Box 70007
122 Capitol Street, Suite 300
Charleston, WV 25301-007
Telephone No. 304-344-3653
Email: gacollias@colliaslaw.com

    */s/ Larry D. Newsome*
LARRY D. NEWSOME, Associate General Counsel
Glenda S. Finch, General Counsel
Clayton M. Creswell, Assistant General Counsel
UMWA HEALTH & RETIREMENT FUNDS
2121 K Street, N.W., Suite 350
Washington, D.C. 20037
Telephone: (202) 521-2238
Email: lnewsome@umwafunds.org
Email: gfinch @umwafunds.org
Email: ccreswell@umwafunds.org

JOHN R. MOONEY
Mooney, Green, Saindon, Murphy and Welch P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Email: jmooney@mooneygreen.com

*Attorneys for Plaintiffs*