IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL H. HOLLAND, et al.,

        Plaintiffs,

v.                               CIVIL ACTION NO. 2:17-cv-02091

CONSOL ENERGY INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CONSOL Energy Inc.'s ("CONSOL") Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for improper venue under Rule 12(b)(3), and for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 7.) For the reasons provided below, the Court **DENIES** the motion insofar as it is brought under Rule 12(b)(3) for improper venue and **DENIES AS MOOT** the motion on the remaining grounds therein.

*I. BACKGROUND*

This case arises out of a dispute regarding the way in which CONSOL implements and administers its Section 9711 Coal Industry Retiree Health Benefit Act ("Coal Act") Plan with respect to certain eligible beneficiaries. (*See generally* ECF No. 1.) *See also* 26 U.S.C. § 9711. The named Plaintiffs are Trustees of the United Mine Workers of America 1992 Benefit Plan, and they allege that CONSOL has failed to maintain the statutorily required level of health care

1

coverage for its eligible beneficiaries. Plaintiffs seek declaratory and injunctive relief in addition to monetary damages, attorney's fees, and costs pursuant to 29 U.S.C. §§ 1132(g)(2), 1145, and 1451 as incorporated into the Coal Act via 26 U.S.C. § 9721. (ECF No. 1 at 4–5.)

CONSOL filed the instant motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), alleging the following seven bases for dismissal:

1. Plaintiffs lack standing to bring this case because they have not suffered any real or actual injury.

2. This case is not ripe for adjudication because, again, Plaintiffs have not suffered an injury.

3. Plaintiffs failed to exhaust their administrative remedies set forth in the Coal Act Plan and as required by ERISA.

4. Plaintiffs' claim under Labor Management Relations Act Section 301 is barred by collateral estoppel.

5. Plaintiffs provide no basis for the Court to invoke its discretionary power to grant declaratory relief because Plaintiffs lack standing and there is no substantial or immediate controversy.

6. Venue in this Court is improper as CONSOL administers its Coal Act Plan in Pennsylvania.

7. Plaintiffs fail to state a claim for injunctive relief because they cannot show either likelihood of success on the merits or that they have or will suffer irreparable harm.

(*See* ECF No. 8 at 2–13.)

Subsequent to CONSOL's Motion to Dismiss becoming ripe, the parties filed cross-motions for summary judgment. (ECF Nos. 29, 31.) Further, "[t]he parties agree that the disposition of the case can be made on the issues of law presented" in those cross-motions for summary judgment. (ECF No. 37.) CONSOL's summary judgment motion "summarize[s] . . . the grounds set forth" in its previously filed Motion to Dismiss and "incorporate[s] by reference the supporting reasons set forth therein." (ECF No. 30 at 1–2.) CONSOL proceeds to

summarize, point by point, six of the seven arguments raised in its Motion to Dismiss and enumerated above. (*See id.* at 2–7.) The only argument that is not reiterated in CONSOL's Motion for Summary Judgment is the claim that venue in this district is improper. Thus, the Court will analyze that issue as it is a properly raised defense to this suit pursuant to Federal Rule of Civil Procedure 12(b)(3) and is only argued in the Motion to Dismiss.

## II. DISCUSSION

To survive a motion filed pursuant to Rule 12(b)(3) when no evidentiary hearing is held, a plaintiff must "make only a prima facie showing of proper venue . . . ." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012). When making this determination, the Court views the alleged facts in the light most favorable to the plaintiff. *Id.* While a plaintiff's forum choice is generally accorded great weight, *see Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947), it must be analyzed here under the restrictions of Section 4301 of the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. § 1451, which applies in this case as it is incorporated into the Coal Act via Section 9721. *See* 26 U.S.C. § 9721 ("The provisions of section 4301 of [ERISA] shall apply . . . to any claim . . . arising out of an obligation to pay any amount required to be paid by this chapter . . . ."). (*See also* ECF No. 1 at 3–4 (alleging that CONSOL failed to provide necessary benefits to eligible beneficiaries in violation of 26 U.S.C. § 9711).)

Pursuant to ERISA Section 4301, a suit "may be brought in the district where the plan is administered or where a defendant resides or does business . . . ." 29 U.S.C. § 1451(d). As to the first part of this venue provision, "a plan 'is administered' in the District where it is 'managed' or directed." *Ret. Plan of Unite Here Nat'l Ret. Fund v. Village Resorts, Inc.*, No. 08 Civ. 4249(RPP), 2009 WL 255860, at *3 (S.D.N.Y. Feb. 3, 2009) (citing *Bostic v. Ohio River Co. (Ohio*

3

*Div.) Basic Pension Plan*, 517 F. Supp. 627 (S.D. W. Va. 1982)) (collecting cases interpreting the plain reading of where a plan "is administered" for purposes of ERISA's venue provisions).[1] While the Fourth Circuit has not resolved the issue of whether a plan may be administered in multiple forums for venue purposes, as Plaintiffs argue here, (*see* ECF No. 10 at 13–14), other district courts have determined that "a plan can be administered and venue can be proper in multiple districts." *See id.*; *see also Pension Plan of Nat'l Ret. Fund v. Sedo Sanchez Enters., Inc.*, No. 1:13–CV–2436 (ALC)(JLC), 2014 WL 4080906, at *3 (S.D.N.Y. Aug. 18, 2014) (citation omitted) (rejecting the conclusion that "a plan can only be administrated in one district"). *But see Holland v. King Knob Coal*, 87 F. Supp. 2d 433, 439 (W.D. Pa. 2000) (finding that "the plain language of Section 1451(d) refers to only one district where a plan is administered").

Regardless of where a plan is administered or where the defendant resides, venue may be proper if that defendant "does business" in the forum district. *See* 29 U.S.C. § 1451(d) (providing that suit "may be brought in the district where the plan is administered *or* where a defendant resides *or* does business" (emphasis added)). As such, despite the parties' disagreement about whether a plan may be administered in multiple districts, the Court need not decide that question to conclude that venue is proper in this District if CONSOL "does business" here. Some courts outside the Fourth Circuit have found that a determination that a defendant is doing business in the forum "requires more than the constitutional due process standards for personal jurisdiction set forth in *International Shoe Co. v. Washington*," 326 U.S. 310 (1945). *See Delta Air Lines, Inc. v. W.*

---

[1] The Court notes that this *Village Resorts* case discusses the phrase "is administered" as found within ERISA's general civil enforcement venue provision, 29 U.S.C. § 1132(e). The parties have not provided—and the Court has not found—authority stating that a court cannot rely on case law interpreting the identical phrase in § 1132(e) when analyzing a dispute under § 1451(d). *Compare* 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered . . . ."), *with* 29 U.S.C. § 1451(d) ("An action under this section may be brought in the district where the plan is administered . . . ."). Thus, the Court will use this case and similar ones to interpret the phrase "is administered" within § 1451(d).

*Conference of Teamsters Pension Tr. Fund*, 722 F. Supp. 725, 728 (N.D. Ga. 1989) (citation omitted); *see also Maybelline Co. v. Noxell Corp.*, 813 F.2d 901, 904–05 (8th Cir. 1987) (analyzing the phrase "doing business" as found within the federal general venue statute, 28 U.S.C. § 1391(c), prior to its 1988 amendment, *see infra* note 2); *Scott Paper Co. v. Nice-Pak Prods., Inc.*, 678 F. Supp. 1086, 1088–89 (D. Del. 1988) (recognizing the "split of authority" on this issue with regard to 28 U.S.C. § 1391(c) before the 1988 amendment). *But see Thomas J. Lipton, Inc. v. Grist Mill Co., Inc.*, No. 88–4190, 1989 WL 60325, at *7 (D.N.J. June 6, 1989) (citations omitted) (concluding that to find that a defendant was "doing business" in the forum for purposes of the general venue statute—pre-1988 amendment—only required "the same amount of contacts that would subject the corporate defendant to process from the courts of the State in which the district is located, consistent with the Constitution").[2]

While there is no exact formula for analyzing the "does business" prong of § 1451(d) and given that the Fourth Circuit has not interpreted the provision, other courts determined that the similar "doing business" prong previously found in 28 U.S.C. § 1391(c) was a factual question for the Court. *See Frazier v. Alabama Motor Club, Inc.*, 349 F.2d 456, 459 (5th Cir. 1965); *Flowers Indus., Inc. v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 565 F. Supp. 286, 290 (N.D. Ga. 1983). The Fifth Circuit in *Frazier* enumerated the following list of relevant factors to consider when determining if a corporate defendant is "doing business" in the forum district: "the

---

[2] As the briefing implies, case law interpreting the phrase "does business" within Section 4301 of ERISA is scant. Further, the phrase is not defined within ERISA. Thus, the Court relies in part on cases interpreting "doing business" as previously found within the U.S. Code's general venue statute related to corporate defendants. *See* 28 U.S.C. § 1391(c) (1982) ("A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."), *amended by* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, sec. 1013, § 1391(c), 102 Stat. 4642 (1988); *see also Flowers Indus., Inc. v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 565 F. Supp. 286, 290 (N.D. Ga. 1983) ("The parties appear to agree that the 'doing business' phrase contained in section 1391(c) also determines whether the defendant is doing business within the meaning of 29 U.S.C. § 1451(d).").

general character of the corporation, the nature and scope of its business operations, the extent of the authorized corporate activities conducted on its behalf within the forum district, the continuity of those activities, and its contacts with the district." 349 F.2d at 459. Again, under the Rule 12(b)(3) standard, the Court views the facts alleged in the Amended Complaint in the light most favorable to Plaintiffs, who are required only to make a prima facie showing that CONSOL "does business" in this District. *See Aggarao*, 675 F.3d at 366.

Here, Plaintiffs allege that CONSOL operated a coal mining business in West Virginia and, specifically, "does business in the Southern District of West Virginia and has done so for many years." (ECF No. 4 at 2 ¶¶ 5–6.) Further, the Amended Complaint states that CONSOL maintains an office in Bluefield, West Virginia, located in this District, and "provides health benefits for its eligible retirees as required by the Coal Act." (*Id.* ¶¶ 6–7; *see also id.* ¶ 9 ("Defendant has conducted extensive business activities in this district . . . ."). *But see* ECF No. 11-1 at 5 ¶ 13 (Lackovic Decl.) (noting that CONSOL's Bluefield office closed effective June 30, 2016).) As CONSOL concedes in its motion, at least some beneficiaries on whose behalf this suit was filed "reside in this judicial district." (ECF No. 8 at 11; *see also* ECF No. 4 at 2 ¶ 9 ("Defendant provides statutorily mandated health benefits to numerous retirees that live in this district.").)

Beyond the alleged business activities that CONSOL conducts in this District related to its Coal Act Plan, Plaintiffs also direct the Court toward CONSOL's public website for information regarding the nature and scope of CONSOL's other business activities in this District. These activities involve developing and studying natural gas in West Virginia, meeting and communicating with first responders at a gas compressor station operated by CONSOL in this

6

District, and actively participating in the West Virginia Coal Association and West Virginia Oil and Natural Gas Association. (*See* ECF No. 10 at 15–16 ("Such evidence that Consol deliberately engaged in significant and long-term business activities in West Virginia are meaningful indicators that Consol purposefully avails itself of the forum state.").) While CONSOL does not dispute the information from its website that Plaintiffs quote in their response, the cited material appears to have been purged from the company's website subsequent to the filing of Plaintiffs' response. Plaintiffs also cite a decision from last year in this District issued by Judge Faber in which he found that "CONSOL Energy does business in the Southern District of West Virginia and has done so for many years." *Int'l Union v. Consol Energy, Inc.*, 243 F. Supp. 3d 755, 758 (S.D. W. Va. 2017), *appeal docketed*, No. 17-1378 (4th Cir. Mar. 27, 2017). Although the Court recognizes that this finding was based partly on the operation of an office in Bluefield, West Virginia, which CONSOL asserts has since closed, (*see* ECF No. 11 at 13–14 n.8; *see also* ECF No. 11-1 at 5 ¶ 13 (Lackovic Decl.)), Judge Faber supported his conclusion with rationale expanding beyond the operation of an office.[3]

---

[3] Judge Faber concluded the following about CONSOL's activities in the Southern District of West Virginia:

> CONSOL Energy held meetings throughout this judicial district and the State of West Virginia soliciting retired miners' enrollment in its Health Reimbursement Account ("HRA") scheme. Defendant CONSOL Energy purposefully availed itself of the benefits and protections of the State and this district. . . . Defendant CONSOL Energy sold the HRA scheme to the retired miners here. Furthermore, Defendant CONSOL Energy and its predecessor corporations have a long history of involvement in the coal and natural gas industries in this district.

243 F. Supp. 3d at 761.

CONSOL attempts to downplay the relevance of Judge Faber's ruling by arguing that it did not contest personal jurisdiction as the company "was active" at the time that case was filed, which it allegedly is not any longer. (*See* ECF No. 11 at 13–14 n.8.) However, Judge Faber recognized that CONSOL conceded this defense but made the finding despite that concession. 243 F. Supp. 3d at 760 ("Defendant CONSOL Energy has waived these affirmative defenses. However, even if Defendant CONSOL Energy has not waived these defenses, personal jurisdiction would exist against it and this court would serve as a proper venue.").

Despite the fact that the eligible beneficiaries of CONSOL's Coal Act Plan ceased working for CONSOL in this District sometime before 1995, (*see* ECF No. 8 at 10–11; *see also* ECF No. 10-3 at 3 ¶ 6 (Chisholm Decl.)), Plaintiffs provide sufficient allegations supporting a finding that CONSOL still "does business" in West Virginia and continues to maintain contacts with this District through its authorized and apparently extensive corporate activities. CONSOL argues that the alleged business activity "is wholly unrelated to Coal Act retirees." (*See* ECF No. 11 at 13.) However, § 1451(d) does not require that the business conducted by a defendant in the forum district be related to the case's underlying dispute. The allegations made by Plaintiffs suggest that CONSOL operates in this District at a much larger scale than CONSOL wishes to concede and has done so for many years. (*See* ECF No. 4 at 2.) In short, the Court finds, after viewing the facts in the light most favorable to Plaintiffs, that they have made sufficient allegations showing that venue is proper in this district under Section 4301 of ERISA. For this reason, CONSOL's Motion to Dismiss under Rule 12(b)(3) for improper venue is **DENIED**.

As provided above, the unresolved arguments in CONSOL's motion are reincorporated into its Motion for Summary Judgment. Given that cross-motions for summary judgment are ripe, the Court will consider the outstanding arguments in the context of those cross-motions. Therefore, the Court **DENIES AS MOOT** the motion as to the remaining arguments in the Motion to Dismiss.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss insofar as it is brought under Rule 12(b)(3) and **DENIES AS MOOT** the remaining grounds therein. (ECF No. 7.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 26, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE